# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT PRIESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV209 RWS |
| | ) | |
| JENNIFER RAE CHESTNUT STRADA, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Robert Priester for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against several state officials and the local FBI Field Office. Plaintiff sought expungement of his criminal records from each of the defendants. Specifically, plaintiff sought expungement of a state case against him for sodomy, in which the charges were dropped before trial. Defendants responded that they could not, or would not, expunge his records. Plaintiff seeks expungement of the records and money damages.

**Discussion**

Plaintiff does not have a constitutional right to expungement of his criminal records. As a result, the complaint fails to state a claim upon which relief can be granted under § 1983.

Additionally, a plaintiff may not directly sue the FBI; his sole remedy is a Federal Tort Claims Act ("FTCA") action against the United States. See Sullivan v. United States, 21 F.3d 198, 203 (7th Cir.1994). Plaintiff, however, does not allege that he presented his claim against the FBI to the appropriate judicial agency and that the claim was denied, a jurisdictional prerequisite to filing suit in United States District Court under the FTCA. See 28 U.S.C. § 2675(a); Farmer's State Sav. Bank v. Farmers Home Admin., 866 F.2d 276, 277 (8th Cir. 1989). As a result, the Court does not have jurisdiction over plaintiff's claim against the FBI.

Moreover, the complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim against the employees of Missouri. And to state a claim against a municipality or a government official in his or her

official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to the municipal employees as well.

Furthermore, a district court has no jurisdiction "to expunge criminal records based solely on equitable considerations[] without an express grant of authority from Congress." United States v. Meyer, 439 F.3d 855, 862 (8th Cir. 2006). Similarly, in the absence of "an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record." United States v. Dunegan, 251 F.3d 477, 480 (3d Cir. 2001). As a result, the Court lacks the authority to expunge plaintiff's criminal records.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 8th day of February, 2011.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE